UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SHARON BRIDGEWATER,<br><br>    Plaintiff,<br><br>  vs.<br><br>HAYES VALLEY LIMITED PARTNERSHIP, et al.,<br><br>    Defendants. | Case No:  C 10-05436 SBA<br><br>**ORDER**<br><br>Docket 82, 84, 89. |

The parties are presently before the Court on pro se Plaintiff Sharon Bridgewater's ("Plaintiff") "Motion to Vacate Order of Dismissal/Relief From Judgment Pursuant to Federal Rule of Civil Procedure 60(B)(2) and Re-Open Case" ("motion to reopen the case"), and motion for leave to file an amended complaint. Dkt. 82, 84. Defendant Hayes Valley Apartments II, L.P. ("Defendant") opposes the motions. Dkt. 85. Also before the Court is Defendant's motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure, Dkt. 89, which Plaintiff does not oppose. Having read and considered the papers filed in connection with these matters and being fully informed, the Court hereby DENIES Plaintiff's motion to reopen the case, DENIES Plaintiff's motion for leave to file an amended complaint, and DENIES Defendant's motion for sanctions, for the reasons stated below. The Court, in its discretion, finds these matters suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I. **DISCUSSION**

Because the parties are familiar with the factual and procedural history of this case and the related cases filed by Plaintiff, see Dkt. 81, the Court will limit its discussion to the facts necessary to resolve the motions before the Court.

**A.     Motion to Reopen the Case**

On July 29, 2011, this Court issued an Order dismissing the instant action without prejudice under Rule 41(a) of the Federal Rules of Civil Procedure. Dkt. 81. In that Order, the Court granted Plaintiff's request to reopen two previously dismissed cases that are related to the instant case, i.e., Case No. 10-703 and Case No. 10-704. Id. The Court also granted Plaintiff's motion to consolidate Case No. 10-703 with Case No. 10-704, and ordered that all future filings shall be in Case No. 10-703. Id.

Plaintiff now moves to reopen the instant case under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances. Engleson v. Burlington N.R. Co., 972 F.2d 1038, 1044 (9th Cir. 1992). Under Rule 60(b), the court may relieve a party from a final judgment or any order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed.R.Civ.P. 60(b).

The Court finds that Plaintiff has failed to make the requisite showing of exceptional circumstances to warrant reopening this case. Plaintiff did not articulate a valid basis for relief under Rule 60(b). Moreover, given that the instant case is related to two cases that are currently pending before the Court, the Court finds that reopening this case is not warranted. Accordingly, Plaintiff's motion to reopen the case is DENIED.

**B.     Motion for Leave to File an Amended Complaint**

In light of the Court's ruling on Plaintiff's motion to reopen the case, Plaintiff's motion for leave to file an amended complaint is DENIED as MOOT.

///

///

### C. Motion for Sanctions

Defendant moves for an order imposing monetary sanctions against Plaintiff under Rule 11 on the ground that Plaintiff's motion to reopen the case and motion for leave to file an amended complaint were filed for an "improper purpose, such as to harass, cause unnecessary delay, and to needlessly increase the cost of litigation."

Under Rule 11(b), a court may impose sanctions against a party who files a pleading for "any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." See Fed.R.Civ.P. 11(b). When sanctions are sought under Rule 11, counsel must comply with Rule 11's "safe harbor" provision. See Radcliffe v. Rainbow Constr. Co., 254 F.3d 772, 789 (2001) (the procedural requirements of Rule 11(c)'s safe harbor provision are mandatory). Rule 11's safe harbor provision requires parties filing a motion for sanctions to give the opposing party 21 days to withdraw or otherwise correct the offending paper. Holgate v. Baldwin, 425 F.3d 671, 678 (2005); see Fed.R.Civ.P. 11(c)(2). The purpose of the safe harbor provision is to give the offending party the opportunity to withdraw the offending pleading and thereby escape sanctions. Retail Flooring Dealers of Am., Inc. v. Beaulieu of Am., LLC, 339 F.3d 1146, 1150 (9th Cir. 2003). Within the Ninth Circuit, the safe harbor provision is strictly enforced. Holgate, 425 F.3d at 678 ("We enforce this safe harbor provision strictly.").

Defendant does not claim, let alone demonstrate, that it has satisfied the procedural requirements of Rule 11's safe harbor provision. Accordingly, Defendant's motion for sanctions is DENIED. The failure to comply with the procedural requirements of Rule 11(c)(2) precludes a party from obtaining an award of sanctions. See Radcliffe, 254 F.3d at 789.

Finally, while the Court does not countenance Plaintiff's disregard of its July 29, 2011 Order, which expressly states that all future filings shall be in Case No. 10-703, the Court declines to impose sanctions against Plaintiff for violating the Court's order. However, the Court warns Plaintiff that any future failures to comply with the Court's orders will result in the imposition of sanctions, including monetary sanctions.

## II. <u>CONCLUSION</u>

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to reopen the case is DENIED.

2. Plaintiff's motion for leave to file an amended complaint is DENIED.

3. Defendant's motion for sanctions is DENIED.

4. This Order terminates Docket 82, 84, 89.

IT IS SO ORDERED.

Dated: 6/25/12                                    _____
                                                  SAUNDRA BROWN ARMSTRONG
                                                  United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

BRIDGEWATER et al,

       Plaintiff,

 v.

HAYES VALLEY LIMITED PARTNERSHIP et al,

       Defendant.
_____/

Case Number: CV10-05436 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 26, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Sharon Bridgewater
965 Mission Street, Suite 409
San Francisco, CA 94103

Dated: June 26, 2012

                     Richard W. Wieking, Clerk

                        By: Lisa Clark, Deputy Clerk